IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HASSIE-DEMOND; KNOWLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:17-CV-381 |
| ) | |
| CREDIT MANAGEMENT, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND JUDGMENT**

This matter is before the Court on the defendant's motion to dismiss for failure to prosecute. Doc. 26. Dismissal is appropriate under Federal Rules of Civil Procedure 41(b) and 37(d)(1)(A).

The Court finds that the plaintiff failed provide a Rule 26(f) report, failed to attend the pretrial conference, failed to provide Rule 26 disclosures, failed to respond to written discovery, and failed to appear at a noticed deposition. After he failed to attend the pretrial conference, the plaintiff was warned by the Magistrate Judge in the order denying the defendant's first Rule 41(b) motion that further dilatory conduct could be grounds for a renewed motion to dismiss for failure to prosecute.

In opposition to the motion, *see* Doc. 30, the plaintiff asserts that he is presently incarcerated with "no access or resources" to respond to discovery at this time. He asks for an unspecified extension of time to respond or for dismissal without prejudice. However, he offers no explanation for why he failed to move for an extension of time before discovery responses were due, no explanation for his failure to move for a

protective order or otherwise take any action to reschedule his deposition, and no explanation for why he has failed to communicate with defense counsel over scheduling matters. He provides no information as to when he will be in a position to participate in the case. Moreover, the records in his criminal case, 1:17-CR-251, M.D.N.C., indicate he did not go into custody until January 8, 2018, after his responses to written discovery were due and after the date for which his deposition was noticed.

The plaintiff has failed to participate in the lawsuit without valid excuse and has offered no plan for resolving his claims within a reasonable time. The judgment in his criminal case shows that he will be in custody for three years, and an extension of time for that long would be unreasonable and prejudicial to the defendant. He has shown a pattern of conduct indicating he is not serious about this lawsuit, beginning well before he went into custody. The Court will adopt the plaintiff's suggestion that a dismissal without prejudice is appropriate. Dismissal without prejudice is also appropriate as a sanction for failure to attend his noticed deposition or respond to discovery, given the absence of any excuse for his failures to participate in discovery.

The Clerk shall send a copy of this Order to the address on file for the plaintiff as well as the return address on the most recent communication from the plaintiff.

It is **ORDERED AND ADJUDGED** that the defendant's motion to dismiss, Doc. 26, is **GRANTED** and this case is **DISMISSED** without prejudice.

This the 16th day of March, 2018.

UNITED STATES DISTRICT JUDGE